IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 7 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00110-BNB

MALCOLM M. RUNNELL,

    Plaintiff,

v.

THE COLORADO DEPARTMENT CORRECTIONS,
JOE ORTIZ, Executive Director,
THE LIMON CORRECTIONAL FACILITY, and
AL ESTEP, Warden,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Malcolm M. Runnell is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Limon, Colorado, Correctional Facility (LCF). Mr. Runnell has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his life is in danger.

The Court must construe the Complaint liberally, because Mr. Runnell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Plaintiff alleges that the cell mate he was housed with when he first arrived at LCF did not like him and told other inmates that he was a policeman, even though he is not, and which caused threats against his life and serious harm to him on several occasions.  Mr. Runnell further asserts that he was attacked by another inmate in September resulting in serious injury to him, that he continues to receive threats against his life, and that he has made prison staff aware of the threats but to no avail.  Plaintiff seeks a transfer to another prison facility.

Although Plaintiff has failed to include Pages Seven and Eight of the Prisoner Complaint form, he indicates on Page Four of the Complaint form that he has attempted to seek assistance by filing a grievance, but, due to the fact that he does not speak English, he has not been able to communicate with prison staff or the LCF Administration.  Plaintiff also signed the Complaint on Page Four of the Complaint form.

The case and the claims alleged against Defendant Al Estep will be drawn to a district judge and to a magistrate judge.

Defendants Colorado Department of Corrections and Limon Correctional Facility, however, will be dismissed from the action.  Defendant Colorado Department of Corrections is considered an agency of the State of Colorado.  *See* Colo. Rev. Stat. § 24-1-128.5.  The DOC and its correctional facilities are protected by Eleventh Amendment immunity.  *See **Will v. Michigan Dep't of State Police**,* 491 U.S. 58, 66 (1989); ***Meade v. Grubbs**,* 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well

established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see** ***Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, ***Quern v. Jordan***, 440 U.S. 332, 340-345 (1979). Therefore, Defendants Department of Corrections and Limon Correctional Facility will be dismissed.

Defendant Joe Ortiz also will be dismissed. To establish personal participation, Mr. Runnell must show that Defendant Ortiz caused the deprivation of a federal right. **See *Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Ortiz's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See *Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff fails to assert that Defendant Ortiz personally participated in the alleged violations. Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections, Limon Correctional Facility, and Joe Ortiz are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Colorado Department of Corrections, Limon Correctional Facility, and Joe Ortiz from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendant Al Estep shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff Pages One, Seven, and Eight of the Prisoner Complaint form so that Plaintiff may complete and return the pages to the Court within twenty days of the date of the instant Order.

DATED at Denver, Colorado, this 16th day of March, 2006.

BY THE COURT:

WILEY Y. DANIEL
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00110-BNB

Malcolm M. Runnell
Prisoner No. 59529
Limon Correctional Facility
49030 State Hwy. 71 – Unit 1-B-2-5
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and pages One, Seven, and Eight of the Prisoner Complaint** to the above-named individuals on 3-17-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk